UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTWAN SLATER,

        Plaintiff,

  v.                                  Case No. 07-C-841

JEANANNE GREENWOOD and
RICHARD HEIDORN,

        Defendants.

## ORDER

Plaintiff has filed a motion for reconsideration of this court's dismissal of his complaint under 28 U.S.C. § 1915A. Review of the complaint confirms that, on its own, it does not state a claim for deliberate indifference under the Eighth Amendment. Nevertheless, plaintiff's motion contains additional allegations that suggest he might be able to show that his medical treatment was so substandard that it amounted to deliberate indifference. In light of the motion, therefore, I conclude that the additional facts provided mandate that the complaint be read liberally and that the plaintiff should be allowed to proceed. This is not to say that this court views the allegations as meritorious or strong, but merely that the complaint, read generously, at least states a claim. Accordingly, the motion for reconsideration will be GRANTED; the judgment is ordered VACATED and any "strike" incurred is to be expunged.

IT IS FURTHER ORDERED that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service

to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed in forma pauperis, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

IT IS ORDERED that the defendants shall file a responsive pleading to the plaintiff's complaint.

IT IS ALSO ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

2

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this ___15th___ day of October, 2007.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach
                                                 United States District Judge